AMENDED SUMMARY ORDER
Plaintiffs-Appellants appeal the decision of the United States District Court for the Southern District of New York (Crotty, J.), which dismissed their action sua sponte after finding that, because of the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§ 1330, 1602-1611, it lacked subject matter jurisdiction. Plaintiffs-Appellants are practitioners of Falun Gong who brought an action against Defendant-Appellee China Central Television (“CCTV”) alleging violations of the Torture Victim Protection Act of 1991 (TVPA), id. § 1350 note, and the Alien Tort Claims Act (ATCA), id. § 1350. On appeal, Appellants contend (1) that the District Court incorrectly relied on the complaint’s assertion that CCTV was an “instrumentality” of a foreign government, which brought CCTV under the purview of the FSIA, (2) that the District Court erred in concluding that CCTV did not meet the “commercial activity” exception to foreign sovereign immunity, and (3) that the District Court erred more generally by allegedly failing both to construe the facts in Appellants’ favor and to provide Appellants notice and an opportunity to respond to the sovereign immunity issue. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
“The standard of review applicable to district court decisions regarding subject matter jurisdiction under the FSIA is clear error for factual findings and de novo for legal conclusions.” Robinson v. Gov't of Malaysia, 269 F.3d 133, 138 (2d Cir.2001) (internal quotation marks omitted). The sole basis for obtaining jurisdiction over a foreign state in federal court is the existence of an exception to the FSIA. Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989). Therefore, “[bjefore a federal court may apply ... any ... rule of law in a ease involving a foreign state or instrumentality of that state, it must, as a threshold matter, find an exception to the FSIA’s grant of sovereign immunity.” NYSA-ILA Pension Trust Fund v. Garuda Indon., 7 F.3d 35, 39 (2d Cir.1993).
The FSIA grants a “foreign state,” including an “agency or instrumentality of a foreign state,” immunity from suit in the United States, subject to several enumerated exceptions. 28 U.S.C. §§ 1603(a), 1604; see In re Terrorist Attacks on September 11, 2001, 538 F.3d 71, 75 (2d Cir.2008). According to the Act, an “instrumentality” of a foreign state is any entity which is a “separate legal person, ... which is an organ of a foreign state or a political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and ... which is neither a citizen of a State of the Unites *73 States ... nor created under the laws of any third country.” 28 U.S.C. § 1603(b). Although the FSIA does not define an “organ” of a foreign state, our Court has set forth factors (“the Filler factors”) to aid in determining what is an “organ.” These include:
(1) whether the foreign state created the entity for a national purpose; (2) whether the foreign state actively supervises the entity; (3) whether the foreign state requires the hiring of public employees and pays their salaries; (4) whether the entity holds exclusive rights to some right in the [foreign] country; and (5) how the entity is treated under foreign state law.
Filler v. Hanvit Bank, 378 F.3d 213, 217 (2d Cir.2004) (alteration in original) (internal quotation marks omitted). In using these factors, the Court should “engage in a balancing process, without particular emphasis on any given factor and without requiring that every factor weigh in favor of, or against, the entity claiming FSIA immunity.” In re Terrorist Attacks on September 11, 2001, 538 F.3d at 85 (internal quotation marks omitted).
Appellants contend that the District Court erred in finding that CCTV was an “instrumentality” of the People’s Republic of China (“PRC”) and was consequently immune from suit. Based on the allegations in Appellants’ complaint, however, the District Court did not err in finding that CCTV fell within the scope of the FSIA. Indeed, Appellants’ complaint itself describes CCTV — “the sole national broadcasting entity in China, as established by the government of the [PRC],” Complaint at 6 — as an “instrumentality” of the PRC, Complaint at 2.
Appellants contend, however, that they have “new evidence” that was not presented to the District Court that demonstrates that CCTV had recently been privatized prior to the date the complaint was filed. Absent extraordinary circumstances not present in this case, federal appellate courts will not consider evidence that was not part of the trial record. E.g., Int’l Bus. Machs. Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir.1975). If Appellants wished their newly discovered evidence to be considered, their remedy was to seek relief from the District Court. See 16A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Richard D. Freer, Joan E. Stein-man, Catherine T. Struve, Federal Practice and Procedure § 3956.1 (2008). Appellants claim that the evidence in question was not discovered in time to move under Federal Rule of Civil Procedure 59(e) to alter or amend the District Court judgment. However, Appellants could still have filed a motion with the District Court under Rule 60(b)(2) to be relieved from the judgment based on “newly discovered evidence.” Given Appellants’ failure to make such a motion within a year of the District Court’s judgment, see Fed.R.Civ.P. 60(c)(1), this Court will not now consider evidence that the District Court lacked the opportunity to review in the first instance. Therefore, we conclude that the District Court did not err in finding that CCTV was an “instrumentality” of the PRC. As a result, CCTV is immune from this suit unless its relevant actions fall within one of the FSIA exceptions.
Appellants further argue that the District Court erred in finding that CCTV did not meet the “commercial activity” exception to foreign sovereign immunity. See 28 U.S.C. § 1605(a)(2). “[W]hen a foreign government acts, not as regulator of a market, but in the manner of a private player within it, the foreign sovereign’s actions are ‘commercial’ within the meaning of the FSIA.” Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 614, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992). According *74 ly, in determining whether CCTV’s relevant alleged conduct is commercial, the FSIA asks “not whether the foreign government is acting with a profit motive or instead with the aim of fulfilling uniquely sovereign objectives” but rather “whether the particular actions that the foreign state performs (whatever the motive behind them) are the type of actions by which a private party engages in trade and traffic or commerce.” Id. (internal quotation marks omitted). In addition, § 1605(a)(2) requires that the allegations forming the basis of the complaint must have a sufficient nexus with the United States. Specifically, § 1605(a)(2) provides jurisdiction for any case “in which the action is based [1] upon a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.” 28 U.S.C. § 1605(a)(2). In this case, regardless of whether the CCTV activities targeted by Appellants may be described as commercial, they fail to satisfy any of these three nexus clauses of § 1605(a)(2).
We also disagree with Appellants’ contention that the District Court failed to construe the facts in Appellants’ favor when analyzing Appellants’ claims under the commercial activity exception. In any event, the facts with which Appellants take issue have no bearing on this Court’s conclusion that Appellants have failed to satisfy the nexus requirement under § 1605(a)(2). As for the notice issue, Appellants acknowledge that when a party “cannot claim to have been surprised by the district court’s action ... it cannot plausibly argue that it was prejudiced by the lack of notice.” Bridgeway Corp. v. Citibank, 201 F.3d 134, 139 (2d Cir.2000). Given that Appellants addressed the FSIA in their complaint, they were clearly aware of its jurisdictional significance; moreover, Appellants were aware of allegations by the “All China Lawyers Association” that Appellants lacked jurisdiction under the FSIA and were given the opportunity to submit additional materials to address this jurisdictional issue. As Appellants were not surprised by the FSIA issue and, in fact, had the opportunity to respond with their views, Appellants’ complaint over not receiving formal notice and a hearing is meritless.
We have considered all of Appellants’ arguments and find to be them without merit. Accordingly, the judgment of the District Court is AFFIRMED.